NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINGS CHOICE NECKWEAR, INC., : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 07-CV-275 (DMC) |
| : | |
| FEDEX CORP. *et al.*, : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Kings Choice Neckwear, Inc. ("Plaintiff," or "KCN") to certify this case as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for class certification is **denied**.

**I.    BACKGROUND**[1]

Plaintiff is a neckwear manufacturing company that relies on Defendant FedEx Corporation ("FedEx") to send and receive packages. The relationship between Plaintiff and FedEx exists according to a standardized shipping agreement that includes a provision allowing FedEx to recover "collection agency fees" in the event of late payment. The collection fee provision states that FedEx may charge for:

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

> [A]ll reasonable costs incurred by FedEx in obtaining or attempting to obtain payment for services rendered by us. Such costs, include, but are not limited to, attorney's fees, collection agency fees, interest, and court costs.

In June 2006, Plaintiff received a letter from Defendant Amalgamated Financial Group ("AFG"), FedEx's outside collection agency, demanding that it pay a 25% collection fee on overdue payments. Despite paying the collection fee "under protest," Plaintiff has now filed suit against FedEx, AFG, and other related entities arguing that the 25% collection fee does not represent "reasonable costs," as defined by the collection fee provision. Plaintiff is also attempting to certify a nation-wide class representing all FedEx customers who were "assessed and/or paid a collection fee of 25% on overdue FedEx invoices" from the period January 17, 2001 to present.

Plaintiff filed an Amended Complaint in February 2007 raising claims for breach of contract, aiding and abetting breach of contract, unjust enrichment, and for unlawful collection fee penalty under both New Jersey common law and the New Jersey Consumer Fraud Act. The Court denied a motion to dismiss by AFG on December 21, 2007. Currently before the Court is Plaintiff's motion to certify four proposed subclasses, including:

> (1) All FedEx customers who, from Jan. 17, 2001 and thereafter, have been assessed and/or paid a collection fee of 25% on overdue FedEx invoices;
>
> (2) All FedEx customers who, from Jan. 17, 2001 and thereafter, have been assessed and/or paid a collection fee of 25% on FedEx invoices overdue for less than 90 days;
>
> (3) All FedEx customers who, from Jan. 17, 2001 and thereafter, have been assessed and/or paid a collection fee of 25% on overdue FedEx invoices passed to AFG for collection; and
>
> (4) All FedEx customers who, from Jan. 17, 2001 and thereafter, have been assessed

and/or paid a collection fee of 25% on FedEx invoices overdue for less than 90 days passed to AFG for collection.

## II.    CLASS CERTIFICATION STANDARDS

Parties seeking to certify a class must show that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23.  See Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183–84 (3d Cir. 2001).  To meet this burden, a plaintiff must show that the proposed class satisfies the four prerequisites of Rule 23(a), as well as that the action can be maintained under at least one of the subsections of Rule 23(b).  See id.; see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613–14 (1997).

Rule 23(a) provides that a class action may exist where: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  See Fed. R. Civ. P. 23(a).  Commonly referred to as numerosity, commonality, typicality, and adequacy of representation, these four requirements are "meant to assure both that the class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances."  Banda v. Corzine, 2007 WL 3243917, *15 (D.N.J. Nov. 1, 2007) (quoting Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994)).

Upon satisfying the four requirements of Rule 23(a), the moving party must then show that the putative class falls under at least one of the subsections of Rule 23(b).  In this case, Plaintiff has pled certification under subsection (b)(3), which requires that common questions of

3

law and fact predominate over individual inquiries and that a class action be the optimal way to fairly and efficiently adjudicate the controversy.  See Amchem Prods., 521 U.S. at 613.

Courts deciding whether to certify a class under Rule 23 must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties.  See In re Hydrogen Peroxide Antitrust Lit., 552 F.3d 305, 307 (3d Cir. 2008).  The decision to certify a class requires "findings by the court, not merely a threshold showing" by the moving party, that the requirements of Rule 23 are met.  Id.  Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence.  Id.  Furthermore, the Court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits.  Id.

### III. DISCUSSION

Plaintiff seeks to certify four proposed subclasses under Rule 23.  While the proposed subclasses satisfy the four prerequisites of Rule 23(a), certification is nonetheless denied because the Court finds that individual issues predominate, and that, in any event, this case would be unmanageable as a class action.

#### A. Numerosity

Plaintiff has little trouble establishing numerosity.  "Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable."  Newton, 259 F.3d at 183.  Generally, numerosity is met "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40."  Stewart v. Abraham, 275 F.3d 220, 226–27 (3d Cir. 2001).  In this case, the parties have stipulated that the class will exceed 100 individuals, making it clear

that the size of the putative classes satisfy this criterion.

    B.    <u>Commonality</u>

The next prerequisite under Rule 23(a) is commonality. The commonality requirement is "easily met," <u>Baby Neal</u>, 43 F.3d at 56, and is satisfied where "plaintiffs share at least one question of fact or law with the grievances of the prospective class." <u>Newton</u>, 259 F.3d at 183. "All that is required is that the litigation involve some common questions and that plaintiffs allege harm under the same legal theory." <u>Baby Neal</u>, 43 F.3d at 58. Here, though individual differences may exist, commonality is satisfied because Plaintiff alleges that all putative class members were harmed as a result of being assessed the same 25% collection fee under the same standardized contract.

    C.    <u>Typicality</u>

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." This inquiry centers on whether "the named plaintiff[s'] individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." <u>Newton</u>, 259 F.3d at 183. Here, typicality is satisfied because the claims of KCN and the putative class members arise from the same practice and course of conduct by Defendants. <u>See, e.g.</u>, <u>id.</u> at 183–84 (noting that typicality is established where the claims "involve the same conduct by the defendant, . . . regardless of factual differences"). Furthermore, despite Defendants' argument that KCN is not a typical representative because it is subject to the "unique defense" of voluntary payment, the Court finds that the defense does not prevent

5

certification in this case because it is neither "unique" nor likely to become a "major focus" at trial.  See Beck v. Maximus, Inc., 457 F.3d 291, 300–01 (2006).

        D.        Adequacy of Representation

Defendants also argue that KCN is not an adequate class representative because its CEO Brian Targovnik allegedly lacks credibility.  Class representatives must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Courts must determine: (1) whether the representatives' interests conflict with those of the class; and (2) whether the class attorney is capable of representing the class.  See Newton, 259 F.3d at 185.  In this case, it appears that KCN's interests are aligned with those of the putative class members, and that the law firm Sanford Wittels & Heisler, LLP is fully capable of representing the class.  Nor is the Court persuaded by Defendants' argument that Targovnik's alleged lack of credibility should prevent certification.  While a class representative's lack of credibility may prevent certification under some circumstances, see Kline v. Wolf, 702 F.2d 400, 403 (2d Cir. 1983), the Court finds that no such circumstances exist here.

        E.        Predominance

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The predominance requirement tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation."  See Hydrogen Peroxide, 552 F.3d at 310–11.  More rigorous than the commonality requirement of Rule 23(a), predominance turns on whether proof of the essential elements of the cause of action will require individual or class treatment.  Id. at

6

311. Where individual inquiry is required, class certification is unsuitable; where common issues predominate, however, class certification should be granted.  Id.

In this case, the Court finds that the predominance requirement is not met because determining liability and damages under the alleged claims will require significant individualized inquiry.  At the heart of Plaintiff's claim is the argument that Defendants' 25% collection fee does not represent the "reasonable costs incurred" by FedEx in collecting payment.  Plaintiff contends that the reasonableness of the collection fee can be determined on an aggregate basis, arguing that because FedEx applies a uniform 25% fee without regard to the actual collection costs, the Court may also determine reasonableness without inquiring into the specifics of each individual case.  The Court disagrees.  By its very nature, determining the reasonableness of the 25% collection fee is a highly fact-specific inquiry that depends upon a series of individualized variables within the collection process, including, *inter alia*, the frequency and manner of attempted contacts with the debtor, the necessity of retaining a collection agency or outside attorneys, and the extent to which legal remedies were pursued.  While Plaintiff suggests that a cost-averaging approach is appropriate because collection efforts are mostly uniform with only a negligible difference in cost, the Court finds differently and holds that determining "reasonableness" would require an untenable inquiry into the facts of each specific case.

Furthermore, assuming *arguendo* that liability could be established on an aggregate basis, it nonetheless appears that the Court would be required to conduct a series of "mini-trials" to determine damages.  The amount of damages owed to each individual class member will differ depending upon a series of individualized factors, including, *inter alia*, the cost of collection,

whether payment was actually made, whether a reduced payment was negotiated, and whether any interest is owed.  Because it appears that FedEx sometimes waives collection fees and at other times negotiates reduced fees, the Court would be forced to inquire as to each individual class member to determine the amount paid, and, if reduced, whether that amount constituted a "reasonable" approximation of the collection costs.  Plaintiff responds by arguing that damages will likely be determinable at a later stage by reviewing FedEx's business records, and that, in any event, the fact that damages must be assessed on an individual basis does not automatically disqualify the class.  See, e.g., In re Sch. Asbestos Litig., 789 F.2d 996, 1010 (3d Cir. 1986) ("nor is it a disqualification that damages must be assessed on an individual basis").  Nonetheless, the Court finds that determining damages in this case on a class-wide basis would require significant individualized inquiry and would present manageability problems.  Accordingly, because the Court finds that individual issues in determining liability and damages predominate over questions of law and fact common to class members, Plaintiff's motion to certify the four proposed subclasses is denied.

      F.     Superiority

Similarly, it appears that case management issues also dictate against certifying the proposed subclasses.  Rule 23(b)(3) requires that the class vehicle represent "the best available method for the fair and efficient adjudication of the controversy."  See Newton, 259 F.3d at 191. The superiority requirement "must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large, and (6) of the defendant. . . . Superiority must also be looked

8

at from the point of view of the issues." Banda, 2007 WL 3243917, at *18 (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 760 (3d Cir. 1974)). Courts determining superiority should consider: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

Here, the first two factors support certification. Plaintiff has already conducted significant litigation in this forum. Furthermore, due to the high costs of litigation and low individual damage amounts in this case, it appears that a class action is not only the superior but perhaps the only plausible method for prosecuting these claims.

The third and fourth factors, however, raise significant problems due to manageability concerns. The Court has already found that determination of liability and damages would require substantial individual inquiry and would likely require the Court to conduct a series of "mini-trials." Furthermore, applying New Jersey's "most significant relationship" test to choice-of-law issues, see Agostino v. Quest Diagnostics Inc., 2009 WL 348898, *19 (D.N.J. Feb. 11, 2009), the Court finds that it would likely be forced to apply the laws of the fifty-one jurisdictions to the unenforceable penalty and fraud claims, thereby "compounding the disparities among class members" and ensuring that the Court would face "insuperable obstacles." See id. Taken together, the Court finds that conducting this matter as a class action would raise significant manageability problems, likely negating any advantage that the class form may otherwise provide

towards the "efficient adjudication of the controversy." See Newton, 259 F.3d at 191. Accordingly, because the Court finds that Plaintiff has failed to establish predominance or superiority, its motion to certify the proposed subclasses is **denied**.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for class certification is **denied**. An appropriate Order accompanies this Opinion.

 S/   Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:       March  10 ,  2009  
Orig.:      Clerk  
cc:         All Counsel of Record  
            Hon. Mark Falk, U.S.M.J.  
            File

10